SEFCIK, Appellant,

v.

MOUYOS, Appellee.

[Cite as *Sefcik v. Mouyos,* 171 Ohio App.3d 14, 2007-Ohio-1546.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 2006–G–2730.

Decided March 30, 2007.

Rosplock and Perez and Robert S. Rosplock, for appellant.

Frederick H. Green, for appellee.

DIANE V. GRENDELL, Judge.

{¶ 1} Plaintiff-appellant, Jonathon M. Sefcik, appeals the decision of the Geauga County Court of Common Pleas, Probate Division, denying Sefcik's petition for heirship and determining defendant-appellee, Mary K. Mouyos, to be the sole surviving legal beneficiary of the estate of Ada Lucille Sefcik. For the following reasons, we affirm the decision of the court below.

{¶ 2} On February 24, 2006, Ada Lucille Sefcik, a resident of Geauga County, died intestate. On April 7, 2006, Ada's daughter, Mary K. Mouyos, was appoint-

ed administratrix of the estate of Ada Lucille Sefcik. Ada has a son, John James Sefcik, who predeceased his mother. John James had married Estella Ellen Gillespie, and they had two sons, Jonathan M. and Jason James Sefcik. Thus, Jonathan is the natural born grandson of Ada through his father.

{¶ 3} On May 5, 2006, Jonathan filed a petition to determine heirship, pursuant to R.C. 2123.06, seeking a determination of the heir or heirs of the decedent who are entitled by the laws of the state of Ohio to share in the estate of inheritance.

{¶ 4} On August 22, 2006, a hearing was held on Jonathan's petition, at which evidence of the following was adduced.

{¶ 5} While Jonathan and Jason were still minors, John James and Estella Ellen divorced. Estella subsequently married William Louis Chastain. On November 21, 1980, Jonathan and Jason were adopted by their stepfather, William Louis Chastain, pursuant to a decree terminating parental rights and granting adoption issued by the Family District Court of Harris County, Texas. Jonathan's Ohio birth certificate was subsequently changed to reflect his name as "Jonathan Michael Chastain" and to identify his father as "William Louis Chastain."

{¶ 6} After the adoption, Estella and William divorced, and Jonathan returned to Ohio. On September 25, 1986, Ada Sefcik was appointed guardian of Jonathan by the Geauga County Probate Court. After his 18th birthday, Jonathan filed an application for a name change with the Geauga County Probate Court. On February 16, 1989, the court entered judgment ordering Jonathan's name to be changed to Jonathan Michael Sefcik.

{¶ 7} Jonathan's current Ohio birth certificate identifies him as "Jonathan Michael Sefcik," the son of "John James Sefcik."

{¶ 8} In 1994, Jonathan filed a request for a "vacating order" in Harris County Family District Court, seeking, as he testified, "to have [his] adoption vacated." This document, a preprinted form sent to Jonathan by the Family District Court, reads as follows, with the portions filled in by Jonathan italicized: "Request is hereby made of the Judge of the Judicial District Court No. 275th of Harris County, Texas, to inspect and, or, to retain a certified copy of the *vacating order* in the above styled and numbered cause. REASONS FOR REQUEST: *Thus so that the sealed birth record (with my real father's name) may be re-established. The address that the vacating order needs to be sent to is below. * * * Ohio Department of Health, Division of Vital Statistics.*"

{¶ 9} On March 16, 1994, the District Court approved Jonathan's request by completing the following portion of the preprinted form, the portions filled in by the court italicized: "The District Clerk of Harris County, Texas, is hereby directed to allow *Jon Sefcik* to inspect the records in the above styled and

numbered cause and, or, to furnish the above named applicant with a certified copy of the *adoption decree* herein."

{¶ 10} The docket for the Harris County Family District Court records the following "activity" for March 16, 1994: "motion for certified copy of confidential document"; and the following "order" for March 16, 1994: "order granting certified copy confidential document signed."

{¶ 11} The District Court's March 16, 1994 order was sent to the Ohio Department of Health, Division of Vital Statistics. In a note to the Geauga County Probate Court, Larry Osborne, a special registrations supervisor with the Ohio Department of Health, identified the March 16, 1994 order as a copy "of a certified vacating order that we have on file here in Vital Stats[.] Mr. Sefcik's original birth record was restored and the adoption vacated in 1994."

{¶ 12} On August 28, 2006, the probate court issued the following ruling: "After reaching the age of majority, there is evidence that Jonathan Michael Sefcik sought to have the Judgment Entry granting the adoption vacated, however, no credible evidence was presented at the time of the hearing from which this Court can conclude that Jonathan Michael Sefcik was successful in his efforts to have the Judgment Entry granting the adoption vacated. Pursuant to Ohio Revised Code Section 3107.15(A)(1), the Court finds that the adoption had the effect of terminating Jonathan Michael Sefcik's right to inherit from his grandmother."

{¶ 13} Jonathan timely appeals and raises the following assignment of error: "The trial court erred when it found that no credible evidence was presented at the hearing from which the court could conclude that appellant had successfully vacated his adoption, and determined, on that basis, that the sole legal beneficiary of the estate of Ada Lucille Sefcik is her daughter, the appellee."

{¶ 14} A trial court's factual findings are entitled to a presumption of correctness and will not be reversed as being against the manifest weight of the evidence if they are supported by competent, credible evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, at syllabus. When making this determination, " 'every reasonable intendment and every reasonable presumption must be made in favor of the [lower court's] judgment and the finding of facts.' " *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273 fn. 3, quoting 5 Ohio Jurisprudence 3d (1978) 191–92, Appellate Review, Section 603. "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." Id. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge

that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80, 10 OBR 408, 461 N.E.2d 1273.

{¶ 15} Jonathan asserts that the probate court's conclusion that "no credible evidence was presented * * * from which this Court can conclude that Jonathan Michael Sefcik was successful in his efforts to have the * * * adoption vacated" is against the weight of the evidence. Jonathan relies on the copies of his current birth certificate introduced at trial, which identify him as "Jonathan Michael Sefcik" and which identify his father as "John James Sefcik."

{¶ 16} Jonathan relies on a provision of the Revised Code that provides, "A new birth record * * * and any certified or exact copy of the new birth record * * *, when properly authenticated by a duly authorized person, shall be prima-facie evidence in all courts and places of the facts stated in the new birth record." R.C. 3705.12(A)(5).

{¶ 17} Although Jonathan successfully sought to have his name changed in 1989, Jonathan argues that this change does not account for his most recent birth certificate. "When a legal change of name of a person whose birth occurred in this state has been granted by a court * * * the office of vital statistics shall issue a certification of birth containing the new name" and "[s]uch certification shall disclose information that a legal change of name has been granted by a court." R.C. 3705.13. As Jonathan correctly points out, his current birth certificate does not disclose any information regarding a legal change of name.

{¶ 18} Finally, Jonathan argues that the probate court was compelled by considerations of full faith and credit to recognize the order of the Harris County District Court vacating Jonathan's adoption by Chastain. See R.C. 3107.18(A) ("Except when giving effect to such a decree would violate the public policy of this state, a court decree terminating the relationship of parent and child, or establishing the relationship by adoption, issued pursuant to due process of law by a court of any jurisdiction outside this state, whether within or outside the United States, shall be recognized in this state, and the rights and obligations of the parties as to all matters within the jurisdiction of this state * * * shall be determined as though the decree were issued by a court of this state").

{¶ 19} Although Jonathan's most recent birth certificate is prima facie evidence that he is the son of John James Sefcik, and, thus, in a position to inherit from the estate of Ada Lucille Sefcik, this evidence is not conclusive. It has long been established that "prima facie evidence [is] sufficient to establish a fact unless rebutted." Parker v. Ohio (1855), 4 Ohio St. 563, 565; Cleveland v. Keah (1952), 157 Ohio St. 331, 47 O.O. 195, 105 N.E.2d 402, at paragraph two of the syllabus ("A prima facie case is one in which the evidence is sufficient to support but not to compel a certain conclusion and does no more than furnish evidence to be

considered and weighed but not necessarily to be accepted by the trier of the facts").

{¶ 20} In the present case, Jonathan's recent birth certificate is some competent, credible evidence that Jonathan's adoption by Chastain was vacated by the Harris County District Court. This conclusion, however, is rebutted by other equally competent, and far more credible evidence to the contrary.

{¶ 21} The "vacating order" issued by the District Court does nothing more than direct the District Clerk "to allow [Jonathan] to inspect the record * * * and, or, to furnish [Jonathan] with a certified copy of the adoption decree."

{¶ 22} Similarly, the evidence does not support the position that Jonathan effectively moved the District Court to vacate his adoption. The request Jonathan made of the court was "to inspect and, or, to retain a certified copy of the *vacating order*" in the 1980 adoption. What this "vacating order" was is unclear from the testimony and the record, although the suggestion made by Mouyos's attorney that it refers to the "vacation" of the seal rendering the adoption proceedings confidential is reasonable.

{¶ 23} In any event, the March 16, 1994 order cannot be reasonably interpreted as an order vacating the 1980 adoption. This conclusion is supported by the District Court's docket which describes the March 16, 1994 order as an "order granting certified copy [of] confidential document."

{¶ 24} At most, the evidence presented suggests, as Jonathan argues, that the Ohio Department of Vital Statistics has recognized the March 16, 1994 order as vacating the adoption. The Department of Vital Statistics' interpretation of the order, however, is not binding on the court. Considering the evidence originating from Harris County District Court, we hold the probate court's conclusion that Jonathan had sought, and likely intended, to vacate the 1980 adoption but without success not to be against the weight of the evidence.

{¶ 25} Jonathan's sole assignment of error is without merit. The judgment of the Geauga County Court of Common Pleas, Probate Division, denying Sefcik's petition for heirship and determining Mouyos to be the sole surviving legal beneficiary of the decedent is affirmed.

Judgment affirmed.

O'NEILL and TRAPP, JJ., concur.